[L. A. No. 21726. In Bank. Jan. 23, 1951.]

VINCE MONROE TOWNSEND, JR., Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

Vince Monroe Townsend, Jr., in pro. per., and Crispus A. Wright for Petitioner.

James W. Hookstratten and Jerold E. Weil for Respondent.

THE COURT.—The Board of Governors of The State Bar has recommended that Vince Monroe Townsend Jr., be suspended from practice for a period of 30 days. Upon his petition, the proceeding is before this court for review.

Joseph B. Brown employed Townsend to protect his interests as an heir and otherwise in the estate of Elna Brown. The asserted misconduct is based upon the attorney's refusal to pay certain amounts collected by him from the executrix of the estate. By withholding a portion of these amounts, it is charged, he violated his oath and duties as an attorney at law and rule 9 of the Rules of Professional Conduct of The State Bar.

There is no dispute as to the amounts collected by Townsend from the estate and he admits that he withheld them from his client. But he claims to have done so because of their disagreement concerning the amount to which he is entitled as attorney's fees.

At the outset of the attorney-client relationship, Brown paid Townsend $50 and they entered into a contract whereby Townsend was to receive, in addition to that amount, 40 per cent of all property or money recovered by him from the estate.

Shortly thereafter, two checks, made payable to Brown and totaling the amount of two claims against the estate, were sent to Townsend. Brown went to Townsend's office, endorsed the checks and left them with him. The record shows no demand upon Townsend at that time for any part of the payment.

Thereafter, Brown complained to The State Bar, which made a preliminary investigation, with attorney and client present. Several months later, Townsend received a check for $602.50, the amount allowed Brown for his interest in certain property. The check was payable to Brown and he refused to endorse it and to sign the legatee's receipt until there had been a decision in the disciplinary proceeding. However, after some explanations, Brown went to Townsend's office, signed the voucher and endorsed the check. At the same time, Brown returned the check which Townsend had given him some time before. The check for $602.50 was deposited in Townsend's bank account pending the decision of The State Bar.

Upon this evidence the local committee found that at the time the will of Elna Brown was presented for probate there was no agreement between Brown and the proponent of the will regarding repayment of the amount of the funeral expenses. When Townsend was retained by Brown, the findings recited,

there was no conversation or understanding to the effect that the money collected on account of funeral expenses would be excluded from the provisions of the contingent fee agreement. A further finding was that Townsend did not retain the amount received by him as payment of Brown's claim for funeral expenses for the purpose of coercing and forcing Brown to pay him a fee. The conclusion reached by the committee was that Townsend had not violated his oath and duties as an attorney at law and it recommended the dismissal of the proceeding.

When the record was presented to the Board of Governors, they re-referred the matter to the committee with instructions to make additional findings of fact on each of the issues raised by the notice to show cause and the petitioner's answer thereto. Following further consideration of the evidence theretofore taken, the committee found: Townsend did not retain any money for the purpose of coercing or forcing Brown to pay the attorney's fees claimed by him. On the contrary, Townsend withheld the money because Brown refused to take less than 60 per cent of $602.50 plus the full amount received in payment of the claims against the estate. Townsend offered to pay Brown 60 per cent of $1,180 pursuant to their agreement but Brown refused to take anything less than 60 per cent of $602.50 plus the full amount of the claims.

The Board of Governors, after consideration of the record found: Although Townsend never claimed more than 40 per cent of the amounts collected, he did not unqualifiedly tender or pay Brown any part of the amount collected by him. Townsend held the whole amount for the purpose of coercing Brown to pay to petitioner the portion which was in dispute and which petitioner claimed pursuant to the retainer agreement. Upon these findings, the board recommended that petitioner be suspended from the practice of law for a period of 30 days.

Neither the recommendation of the board, nor the findings of fact upon which it is based, makes any reference to a violation of rule 9 of the Rules of Professional Conduct which prohibits an attorney from commingling the funds of a client with his own money. Apparently, when Townsend testified that the bank account in which he deposited the executor's checks was maintained by him for money of his clients exclusively, the charge of violating rule 9 was abandoned.

The petitioner contends that the record does not support the findings of fact of the Board of Governors. He insists that the record shows no evidence of professional misconduct

nor any violation of The State Bar Act or the Rules of Professional Conduct.

There is substantial evidence to support all of the findings of the local committee. The evidence does not compel the conclusion that Townsend took advantage of Brown by deliberately withholding his client's funds in an attempt to coerce payment of a fee. The committee's determination to the contrary appears to have been based upon a careful consideration of the rights of the respective parties and, upon re-referral, was affirmed. Considering the entire record, this court is disposed to accept the committee's findings and recommendation.

The proceeding is dismissed.